UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HAROLD TUMA                                                                                          PLAINTIFF

V.                                                                   CIVIL ACTION NO. 3:09cv517-DPJ-FKB

JACKSON MUNICIPAL AIRPORT AUTHORITY;
CAROLINE KIRKLAND, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY; AND
PROGRESSIVE GULF INSURANCE COMPANY                                            DEFENDANTS

ORDER

There are a myriad of pending motions in this false arrest/civil rights action. This Order is limited to Defendant Progressive Gulf Insurance Company's Motion to Dismiss For Failure to State a Claim For Relief, or, in the Alternative, for Summary Judgment [11] and related motions. Having fully considered the premises, the Court finds that Progressive's motion should be granted.

I.      Facts and Procedural History

On the afternoon of March 24, 2008, Harold Tuma arrived at the Jackson-Evers International Airport to pick up his wife and two friends. Tuma drove into the passenger pick-up area and waited for a temporary parking space next to the curb. According to the Complaint, Security Officer Caroline Kirkland approached Tuma and began yelling and screaming at him for stopping. She issued Tuma two tickets, one for improper stopping and one for reckless driving.

The following day, Tuma was served with a bench warrant charging him with felony assault on a police officer for allegedly striking Officer Kirkland with his car. Tuma was held in the Rankin County Jail for several hours before posting bond. That July, Tuma was found not

guilty of the improper stopping and reckless driving charges. The felony assault charge was dismissed.

Meanwhile, Officer Kirkland filed a claim for personal injuries with Tuma's automobile insurance carrier, Progressive. Although Tuma informed Progressive that his car never touched Officer Kirkland, Progressive elected to settle Officer Kirkland's claim for $12,500. Tuma believes the investigation was inadequate and that the claim was wrongfully paid.

Frustrated by the course of events, Tuma filed suit against Progressive, Officer Kirkland, and her employer, the Jackson Municipal Airport Authority (JMAA), seeking $3 million in actual damages and $3 million in punitive damages. His Complaint contains seven counts: (1) false arrest, false imprisonment, and malicious prosecution; (2) malicious prosecution and abuse of process; (3) intentional and negligent infliction of emotional distress; (4) negligent hiring, training and supervision; (5) bad faith breach of contract and fraud; (6) conspiracy and collusion; and (7) punitive damages.

The procedural history that followed Tuma's complaint is tortured and largely irrelevant. Of note, Tuma sought and received leave to conduct immunity-related discovery as to Caroline Kirkland. Once that discovery concluded, Tuma filed a consolidated response addressing the dispositive motions all defendants filed. Progressive then moved to strike [65] Tuma's response due to the substantial delay and alternatively sought leave to file a rebuttal. This order deals only with Progressive's motion to dismiss/summary judgment and related motions. The Court finds the rebuttal requested Progressive is unnecessary, and concludes that Progressive's motion to dismiss should be granted.

II.     Analysis

    A.     Motion to Dismiss Standard[1]

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937, 1949 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged–but it has not 'show[n]'–'that the pleader is entitled to relief.'" *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's recent examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of

---

[1] While Progressive moved alternatively for summary judgment, the Court finds the claims can be disposed of under the standard for dismissal.

3

truth." *Id*. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*.

      B.      Progressive's Motion

After reviewing Plaintiff's Complaint, Progressive identified five possible causes of action against it and moved for dismissal of all five. Plaintiff limited his response to the bad faith breach of contract and conspiracy claims, ignoring the rest. Progressive's arguments as to the three claims Tuma ignored appear meritorious, and the claims otherwise appear to have been abandoned. As for bad faith and conspiracy, the claims fail to survive Progressive's motion to dismiss.

            1.      Bad Faith Breach of Contract

The typical bad faith suit arises when an insurer denies payment without a legitimate or arguable reason. *See Stewart v. Gulf Guar. Life Ins. Co.*, 846 So. 2d 192, 200 (Miss. 2002). Here, Progressive denied no payments; it settled Kirkland's claim against Tuma. Yet Tuma believes Progressive failed to properly investigate the claim which it should not have settled.

Beyond citing an inapplicable intentional injury coverage exclusion, Tuma generally asserts that certain unspecified provisions of the policy precluded Progressive's decision to settle. As Progressive notes, however, the policy provides: "You . . . must assume no obligation, make no payment, or incur no expense without our consent. . . . We will settle or defend, at our option, any claim or lawsuit for damages covered by the [policy]." Progressive further directs the court to *Davenport v. St. Paul Fire & Marine Ins. Co.*, where the Fifth Circuit held:

> The issue of control sometimes arises in cases where the insurer settles within the policy limits a case that the insured, for some reason dehors the contract, does not want settled. The consensus of the courts that have considered this question is

4

>that, absent a policy rider to the contrary, such settlement is the exclusive prerogative of the carrier.

978 F.2d 927, 932 (5th Cir. 1992) (citations omitted); *c.f., Louque v. Allstate Ins. Co.*, 314 F.3d 776, 783 (5th Cir. 2002) (holding that similar provision "vests the insurer with absolute authority to settle claims within the limits of the policy with the insured's having no power to compel the insurer to make settlements or prevent it from doing so.").

Although Progressive relies on *Davenport*, Tuma makes no reference to the opinion and fails to offer any relevant authority to support his position. He relies instead on "common sense." Pl.'s Mem. [19]. While Tuma may have disagreed with Progressive's decision to settle, he has not demonstrated that it lacked authority to do so.

       2.    Conspiracy

In the "Conspiracy and Collusion" count of his Complaint, Tuma alleges:

>The Defendants, Kirkland and JMAA, and Progressive conspired to create a false tort claim for personal injuries. In the course of the claim management, Progressive gave Kirkland's statements full credit and ignored facts given by Tuma and his counsel. Progressive did not complete its investigation and paid the claim hurriedly and secretly and failed to follow standard and routine claims management procedure. All of these acts amounted to a collusion between Kirkland, her attorney, Progressive's Claims Adjuster and manager personnel to wrongfully pay a claim, the payment of which resulted in evidence favorable to Kirkland and adversary to the Plaintiff.

Complaint ¶ 50. In short, Tuma alleges that Progressive conspired with Officer Kirkland to "wrongfully pay [her] claim." *Id.* Under Mississippi law, a conspiracy is "a combination of persons for the purpose of accomplishing an unlawful purpose or a lawful purpose unlawfully." *Roussel v. Button*, 638 So. 2d 1305, 1315 (Miss. 1994) (quoting *Shaw v. Burchfield*, 481 So.2d 247, 255 (Miss. 1985)). Civil conspiracy may give rise to a right of recovery, but here, Progressive merely exercised its contractual right to settle Officer Kirkland's claim. *See Shaw*,

481 So. 2d at 255 (finding there is no actionable conspiracy "where all that is shown is the exercise in a lawful manner of a right to terminate a contract"). This claim is also due to be dismissed.

II.     Conclusion

While the Court considered all arguments, it has not addressed every issue presented in the parties' submissions. Those matters not specifically addressed would not change the results.[2] Based on the foregoing, the Court finds as follows:

Progressive's motion to dismiss, or for summary judgment, [11] is granted. Tuma's motion to stay consideration of this motion [13] is denied. Progressive's motion to strike [65] Tuma's late response is denied; Tuma's response was considered by the Court. In sum, Tuma's claims against Progressive are dismissed.

The Court further instructs the remaining parties to contact its Courtroom Deputy Ann Nelson to set this matter for a telephonic status conference. The Court will thereafter set the remaining motions for oral argument.

**SO ORDERED** this the 1st day of November, 2010.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE

---

[2] In the event of appeal, the Court reluctantly notes that Plaintiff's "Composite Memorandum" [64] avoids many of Progressive's legal positions and relies on numerous conclusory assertions.