UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

HAROLD TUMA                                                                    PLAINTIFF

V.                                                        CIVIL ACTION NO. 3:09cv517-DPJ-FKB

JACKSON MUNICIPAL AIRPORT AUTHORITY;
CAROLINE KIRKLAND, INDIVIDUALLY AND
IN HER OFFICIAL CAPACITY; AND
PROGRESSIVE GULF INSURANCE COMPANY                            DEFENDANTS

ORDER

There are several motions pending in this false-arrest/civil-rights action, including a

motion to amend the Complaint.  The Court has reviewed the parties' filings and finds as

follows:

I.      Facts and Procedural History[1]

On the afternoon of March 24, 2008, Plaintiff Harold Tuma arrived at the Jackson-Evers

International Airport to pick up his wife and two friends.  Tuma drove into the passenger pick-up

area and waited for a temporary parking space next to the curb.  According to Plaintiff, Security

Officer Caroline Kirkland approached Tuma and began yelling and screaming at him for

stopping.  She issued Tuma two tickets, one for improper stopping and one for reckless driving.

The following day, Tuma was served with a bench warrant charging him with assaulting

a police officer.  The felony charge stemmed from Officer Kirkland's accusation that Tuma, after

being told to stop his vehicle, struck her with his car in the knee and elbow.  Tuma was held in

the Rankin County Jail for several hours until bond was posted.  That July, Tuma was found not

---

[1]  The facts underlying this action were set forth in an earlier order addressing a motion to
dismiss filed by Defendant Progressive Insurance Company.

guilty of the improper stopping and reckless driving charges.  The felony assault charge was dismissed.

Tuma filed suit against Progressive Insurance (his automobile insurance carrier); Officer Kirkland; and her employer, the Jackson Municipal Airport Authority (JMAA), seeking $3 million in actual damages and $3 million in punitive damages.  All defendants filed motions to dismiss, and Officer Kirkland and Progressive alternatively sought summary judgment.  These motions prompted Tuma to seek a stay, and the Court allowed immunity-related discovery as to Officer Kirkland's motion.  After considerable time passed, Tuma filed a consolidated response to all three motions.  The Court considered the motions and Tuma's response and found that dismissal of Progressive was appropriate.  A telephonic status conference followed, during which the Court attempted to clarify the § 1983 claims.  This discussion prompted Tuma to file a motion to amend his complaint, which is opposed by Kirkland and JMAA.[2]

Tuma's proposed amended complaint ("Amended Complaint") contains the following counts: (1) "Cause of Action Under State Law Miss. Code Ann. § 11-46-9"; (2) "Cause of Action Under 1983"; (3) false arrest, false imprisonment, and malicious prosecution; (4) malicious prosecution and abuse of process; (5) intentional and negligent infliction of emotional distress; (6) "Negligent Hiring, Training and Supervision Mississippi State Law"; and (7)

---

[2]  Tuma did not file a reply in support of his motion to amend his complaint.

punitive damages.[3]   Having considered the motions, responses, and Amended Complaint, the

Court is prepared to rule.

II.      Standards

        Officer Kirkland and JMAA move to dismiss Tuma's claims under Rule 12(b)(6) of the

Federal Rules of Civil Procedure.  In addition, Officer Kirkland filed an alternative motion for

summary judgment supported by record evidence.  Because Tuma likewise submitted record

evidence, the Court will consider Officer Kirkland's motion under Rule 56.  *See* Fed. R. Civ. P.

12(d).  Finally, Tuma seeks leave to amend.  The applicable standards are as follows:

        A.      Motion to Dismiss

        Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in

the light most favorable to the plaintiff.'"  *Martin K. Eby Constr. Co. v. Dallas Area Rapid

Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th

Cir. 1999)).  To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a

claim to relief that is plausible on its face."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570

(2007).  That "demands more than an unadorned, the-defendant-unlawfully-harmed-me

accusation."  *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949 (2009).  "Factual allegations

must be enough to raise a right to relief above the speculative level, on the assumption that all

the allegations in the complaint are true (even if doubtful in fact)."  *Twombly*, 550 U.S. at 555

─────────────────────

        [3]  His original complaint contained the following counts: (1) false arrest, false
imprisonment, and malicious prosecution; (2) malicious prosecution and abuse of process; (3)
intentional and negligent infliction of emotional distress; (4) negligent hiring, training and
supervision; (5) bad faith breach of contract and fraud; (6) conspiracy and collusion; and (7)
punitive damages.

(citations and footnote omitted).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Iqbal*, 129 S. Ct. at 1949.  It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'"  *Id*. at 1950 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's recent examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint.  First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth."  *Id*.  Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief."  *Id*.

Finally, as stated by the Fifth Circuit Court of Appeals, "a plaintiff's failure to meet the specific pleading requirements should not automatically or inflexibility result in dismissal of the complaint with prejudice to re-filing."  *Hart v. Bayer Corp.*, 199 F.3d 239, 248 n.6 (5th Cir. 2000) (citation omitted).  "Although a court may dismiss the claim, it should not do so without granting leave to amend, unless the defect is simply incurable or the plaintiff has failed to plead with particularity after being afforded repeated opportunities to do so."  *Id*.

B.    Motion to Amend

When a plaintiff seeks to amend his complaint more than 21 days after serving it, he may do so "only with the opposing party's written consent or the court's leave."  Fed. R. Civ. P. 15(a)(2).  But "[t]he court should freely give leave when justice so requires."  *Id.*  While "the

4

grant or denial of an opportunity to amend is within the discretion of the District Court," the

Supreme Court has held:

> If the underlying facts or circumstances relied upon by a plaintiff may be a proper
> subject of relief, he ought to be afforded an opportunity to test his claim on the
> merits.  In the absence of any apparent or declared reason—such as undue delay,
> bad faith or dilatory motive on the part of the movant, repeated failure to cure
> deficiencies by amendments previously allowed, undue prejudice to the opposing
> party by virtue of allowance of the amendment, futility of amendment, etc.—the
> leave sought should, as the rules require, be "freely given."

*Foman v. Davis*, 371 U.S. 178, 182 (1962).  That is, because Rule 15(a) "evinces a bias in favor

of granting leave to amend . . . [a] district court must possess a 'substantial reason' to deny a

request for leave to amend."  *Smith v. EMC Corp.*, 393 F.3d 590, 595 (5th Cir. 2004) (citations

omitted).

C.     Motion for Summary Judgment

Summary judgment is warranted under Rule 56(a) of the Federal Rules of Civil

Procedure when evidence reveals no genuine dispute regarding any material fact and that the

moving party is entitled to judgment as a matter of law.  The rule "mandates the entry of

summary judgment, after adequate time for discovery and upon motion, against a party who fails

to make a sufficient showing to establish the existence of an element essential to that party's

case, and on which that party will bear the burden of proof at trial."  *Celotex Corp. v. Catrett*,

477 U.S. 317, 322 (1986).

The party moving for summary judgment bears the initial responsibility of informing the

district court of the basis for its motion and identifying those portions of the record it believes

demonstrate the absence of a genuine issue of material fact.  *Id.* at 323.  The non-moving party

must then go beyond the pleadings and designate "specific facts showing that there is a genuine

issue for trial." *Id.* at 324.  Conclusory allegations, speculation, unsubstantiated assertions, and legalistic arguments are not an adequate substitute for specific facts showing a genuine issue for trial.  *TIG Ins. Co. v. Sedgwick James of Wash.*, 276 F.3d 754, 759 (5th Cir. 2002); *SEC v. Recile*, 10 F.3d 1093, 1097 (5th Cir. 1997); *Little v. Liquid Air Corp.*, 37 F.3d 1069, 1075 (5th Cir. 1994) (en banc).  In reviewing the evidence, factual controversies are to be resolved in favor of the nonmovant, "but only when . . . both parties have submitted evidence of contradictory facts."  *Little*, 37 F.3d at 1075.  When such contradictory facts exist, the court may "not make credibility determinations or weigh the evidence."  *Reeves v. Sanderson Plumbing Prods., Inc.*, 530 U.S. 133, 150 (2000).

III.    Analysis

Tuma's original complaint and his consolidated response were vague and otherwise deficient in may respects, making it difficult for the Court to consider Defendants' original motions.  Accordingly, the Court held a status conference, after which Tuma filed his motion to amend.  For this Order, those counts that remain unchanged in the Amended Complaint will be considered in light of Defendants' original motions.  If they are due for dismissal, then allowing their inclusion in the Amended Complaint would be futile.  As for the counts Tuma altered in his Amended Complaint, they will be viewed under Rule 15(a)(2) in light of the arguments presented in all submissions.

A.    Section 1983 Claims (Counts II, III)

Section 1983 creates a cause of action against those who, while acting under color of state law, violate the plaintiff's constitutional rights.  42 U.S.C. § 1983 (2006).  In Counts II and III of the Amended Complaint, Tuma contends that Officer Kirkland violated his Fourth, Fifth

and Fourteenth Amendment rights by initiating a wrongful arrest and prosecution.  Am. Compl. at 10–14.  He further contends that all defendants are liable for this conduct which he describes as false arrest, false imprisonment, and malicious prosecution.  *Id.*[4]

       1.     Malicious Prosecution

Starting with malicious prosecution, Tuma cannot state a claim under § 1983 because the "federal Constitution does not include a 'freestanding' right to be free from malicious prosecution."  *Deville v. Marcantel*, 567 F.3d 156, 169 (5th Cir. 2009) (finding § 1983 claim for malicious prosecution is not independently cognizable); *see also Quinn v. Roach*, 326 F. App'x 280, 289 (5th Cir. 2009) (affirming dismissal of malicious prosecution claim) (citing *Castellano v. Fragozo*, 352 F.3d 939, 945 (5th Cir. 2003)).  Tuma never responded to this portion of Defendants' motions.  The argument is well taken, and the § 1983 malicious prosecution claim is dismissed with prejudice; leave to amend is denied.

       2.     False Arrest and Imprisonment

Officer Kirkland and JMAA also seek dismissal of the false arrest and imprisonment claims.  The original complaint was lacking as to § 1983, so the question is whether leave to amend should be granted.  *See Hart*, 199 F.3d at 248 n.6 (noting that leave to amend should be granted "unless the defect is simply incurable").  On that issue, the Court has considered the

---

[4]Tuma suggests in his memorandum that he asserted a § 1983 conspiracy claim, but no such claim is apparent in the Complaint or Amended Complaint.  He cannot assert a § 1983 claim for conspiracy simply by mentioning it in response to a motion for summary judgment. *See Gomez v. LSI Integrated LP*, 246 F. App'x 852, 854 (5th Cir. 2007) (citing *Roeder v. Am. Postal Workers Union, AFL-CIO*, 180 F.3d 733, 737 n.4 (6th Cir. 1999) (refusing to consider on appeal unpled claim raised for the first time in response to a motion for summary judgment)).

record evidence and therefore asks whether the Amended Complaint would be futile under a Rule 56(a) standard.

a.      Causation Regarding JMAA and Officer Kirkland

Defendants first argue that there is no causal connection because the arrest warrant was issued by an independent magistrate.  *See, e.g., Taylor v. Gregg*, 36 F.3d 453, 456–57 (5th Cir. 1994) (holding that intermediary can break causal chain in false arrest claim); *Muhammad v. Newell*, No. 3-08-CV-1426-BD, 2009 WL 2482142, at *2 (N.D. Tex. Aug. 12, 2009) (same with respect to false imprisonment claim).  But the causal chain remains intact if "it can be shown that the deliberations of that intermediary were in some way tainted by the actions of the defendant." *Hand v. Gray*, 838 F.2d 1420, 1428 (5th Cir. 1988); *see, e.g., Robinson ex rel. Shields v. Twiss*, No. SA-01-CA-0289, 2003 WL 23879705, at *3 (W.D. Tex. July 9, 2003) ("For example, the failure to present all of the facts, both inculpatory and exculpatory, to the grand jury; or the presentation of false or fabricated evidence, expose the defendant to liability for false imprisonment or arrest.").

It is undisputed that Rankin County Court Judge Kent McDaniel issued the bench warrant for Tuma on the charge of aggravated assault on a police officer.  Compl. [1] Ex. C. Defendants contend that because Judge McDaniel reviewed Officer Kirkland's affidavit and asked her questions about the incident, he broke the causal chain.  But Tuma claims that Officer Kirkland lied in her affidavit and supports the contention with affidavits from two witnesses who state that Tuma's vehicle never touched Officer Kirkland.  Jones Aff. ¶¶ 3, 4; Bass Aff. ¶ 4.  In sum, a question of fact exists as to whether Officer Kirkland tainted Judge McDaniel's deliberations with false accusations.

b.      Qualified Immunity Regarding Officer Kirkland

Officer Kirkland alternatively seeks qualified immunity and broadly argues that Tuma

failed to specifically allege facts giving rise to a constitutional violation.[5]  Qualified immunity is

a shield from individual liability for "'government officials performing discretionary

functions . . . as long as their actions could reasonably have been thought consistent with the

rights they are alleged to have violated.'"  *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010)

(quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)).  Once raised, the plaintiff must

"rebut the defense by establishing a genuine fact issue as to whether the official's allegedly

wrongful conduct violated clearly established law."  *Brown v. Callahan*, 623 F.3d 249, 253 (5th

Cir. 2010).

It is clearly established that "[t]he right to be free from arrest without probable cause is a

right secured by the Constitution and laws of the United States."  *Daniel v. Ferguson*, 839 F.2d

1124, 1129 (5th Cir. 1988) (citation and quotations omitted).  Here, Tuma has alleged that

Officer Kirkland falsified the charges and supports the contention with witness affidavits.

Because a question of fact exists as to probable cause, Officer Kirkland would not be entitled to

summary judgment based on qualified immunity.  *See DeLeon v. City of Dallas*, 345 F. App'x

21, 23 (5th Cir. 2009) (affirming denial of qualified immunity for officer who allegedly

submitted an arrest warrant affidavit containing false information); *Burrell v. Adkins*, No.

CV01-2679-M, 2007 WL 4699166, at *10 (W.D. La. Oct. 22, 2007) ("Officers are not entitled to

---

[5]  Plaintiff argues that a fact question precludes JMAA's request for qualified immunity,
but JMAA never sought qualified immunity—nor could it.  *Leatherman v. Tarrant Cnty.
Narcotics Intelligence & Coordination Unit*, 507 U.S. 163, 166 (1993) (holding that "unlike
various government officials, municipalities do not enjoy immunity from suit—either absolute or
qualified—under § 1983") (citations omitted).

qualified immunity if they knowingly presented false information in the affidavit for an arrest

warrant." (citing *Young v. Biggers*, 938 F.2d 565, 570 n. 9 (5th Cir. 1991)).  Accordingly, the

Amended Complaint would not be futile, and leave to amend is hereby granted.[6]

> c.     Municipal Liability Regarding JMAA

Switching to JMAA, Tuma must identify a policymaker; an official policy or custom; and

a violation of constitutional rights whose moving force is the policy or custom.  *Piotrowski v.

City of Houston*, 237 F.3d 567, 578 (5th Cir. 2001) (internal quotation omitted).  In his original

Complaint, Tuma failed to allege any of these three required elements, as noted by JMAA in its

motion.  JMAA Mem. [18] at 7.  But as stated, the Court has discretion to grant leave to amend

when an initial pleading is deficient.  *Hart*, 199 F.3d at 248 n.6.  In this case, Tuma requested

leave and has minimally remedied the pleading.  In particular, he claims that JMAA has "a

custom of allowing untrained and unqualified police officers to perform police services

involving the general public at the Jackson Airport."  Am. Compl. ¶ 34.  As such the Court finds

JMAA's motion to dismiss Tuma's § 1983 false arrest and false imprisonment claims as pleaded

in the original Complaint should be granted but that leave to amend is likewise granted.

> B.     State-Law Counts (I, IV, V, VI)

Tuma asserts a number of state-law torts—malicious prosecution and abuse of process;

intentional and negligent infliction of emotional distress; and negligent hiring, training and

supervision.  Under the Mississippi Tort Claims Act, Tuma was required to file suit within one

---

[6]The Court has essentially based this ruling on the arguments and record presented in the
Defendants' original motions.  For that reason, there is no apparent need to reopen discovery on
qualified immunity, and Defendants' arguments regarding prejudice caused by an amended
pleading are moot.

year.  Mississippi Code Ann. § 11-46-11(3).  The filing of a notice of claim tolls the statute of

limitations.  *Id.*  Tuma's arrest occurred on March 25, 2008; he filed a Notice of Claim on April

28, 2009; and he filed suit on August 27, 2009.  Tuma did not file a notice of claim within one-

year of the arrest.  *See Southern v. Jones*, 851 So. 2d 395 (Miss. Ct. App. 2003) (affirming

dismissal of suit for false imprisonment and unreasonable search and seizure against and police

officer filed more than one year after the event).  Tuma failed to address this argument in his

response, and the Court finds that all state-law claims *related to the arrest* are untimely and

subject to dismissal with prejudice.

There is, however, one state-law claim that is not time barred.  JMAA did not move to

dismiss the malicious-prosecution claim on this ground, apparently recognizing that it accrued

after the arrest.  "The elements of malicious prosecution are: (1) the institution of a proceeding;

(2) by, or at the insistence of the defendant; (3) the termination of such proceeding in the

plaintiff's favor; (4) malice in instituting the proceedings; (5) want of probable cause for the

proceeding; and (6) the suffering of the injury or damage as a result of the prosecution."

*Perkins v. Wal-Mart Stores, Inc.,* 46 So. 3d 839, 844 (Miss. Ct. App. 2010) (internal quotations

omitted).  Tuma was found not guilty of the misdemeanor charges on July 11, 2008; the felony

charges were dismissed on April 16, 2009; and Tuma filed a Notice of Claim less than two

weeks later on April 28, 2009.  The malicious-prosecution claim is timely.

JMAA argues instead that the malicious-prosecution claim should be dismissed because

there was probable cause supporting the arrest.  But as explained above, Tuma alleged that

Officer Kirkland presented false accusations, and he supported the averment with competent record evidence. Accordingly, dismissal based on probable cause is inappropriate at this stage.[7]

Finally, Tuma's Amended Complaint adds Count I, referencing Mississippi Code Annotated § 11-46-9, a statute providing law enforcement officers with immunity from liability, "unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity at the time of injury." Am. Compl. ¶ 26. This count does not set forth a separate claim; it merely anticipates Kirkland's assertion of the police protection immunity provision as to the state-law claims. It would therefore be futile to allow inclusion of Count I in the Amended Complaint. In sum, the state-law claims in Counts III, IV, V, VI, with the exception of Tuma's malicious-prosecution claim, are dismissed with prejudice as time barred. Leave to amend to add Count I is denied as futile. Tuma may file an amended complaint that includes a malicious-prosecution count.

IV.    Conclusion

While the Court considered all arguments, it has not addressed every issue presented in the parties' submissions. Those matters not specifically addressed would not change the results. Based on the foregoing, the Court finds as follows:

_____

[7] For the same reason, the Court rejects Defendants' argument that this claim is barred by the police protection exception of the MTCA. *See* Miss. Code Ann. § 11-46-9(1)(c) (granting immunity for acts performed in the performance of police protection "unless the employee acted in reckless disregard of the safety and well-being of any person not engaged in criminal activity"); *see also* Miss. Code Ann. § 11-46-5 (noting that an employee is not considered acting within the course and scope of his employment if the "conduct constituted fraud, malice, libel, slander, defamation, or any criminal offense other than traffic violations").

1.      JMAA's motion to dismiss [17] is granted in part and denied in part.  JMAA's motion to strike [66] Tuma's late response is denied; Tuma's response was considered by the Court.

2.      Officer Kirkland's motion to dismiss, or for summary judgment, [21] is granted in part and denied in part.  Tuma's motion to stay consideration of this motion [25] is considered moot; Tuma was allowed to conduct immunity-related discovery and respond to the motion approximately ten months after it was filed.

3.      In sum, Tuma's § 1983 malicious-prosecution claim is dismissed with prejudice, but his § 1983 false arrest/false imprisonment claims against Defendants may proceed as reflected in the Amended Complaint.  Tuma's state-law claims, with the exception of his malicious- prosecution claim, are dismissed with prejudice.

4.      Officer Kirkland's motion for contempt [49] relates to the actions of counsel and is considered moot in light of Mr. Waller's passing.

5.      Tuma's motion to amend the complaint [70] is granted in part.  Tuma is directed to separately docket an Amended Complaint that is consistent with these rulings.

6.      Finally, it took considerable time to brief these issues, and in candor, the case slipped through the cracks once the motion for leave to amend was filed and briefed.  The parties are therefore instructed to contact the magistrate judge within two weeks and set this case for case management/settlement conference.  If necessary, the magistrate judge will consider entering a new case management order.

**SO ORDERED AND ADJUDGED** this the 10th day of April, 2012.

s/ *Daniel P. Jordan III*
UNITED STATES DISTRICT JUDGE